

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

we|

Honorable T. O. Walton
President, Texas A. & M. College
College Station, Texas

Dear Sir:

Opinion No. 0-1061
Re: Must students of A. & M.
working under the Texas
Cooperative Wildlife Re-
search Unit purchase
chauffeur's licenses?

We are in receipt of your letter of June 20,
1939, in which you request an opinion on the following
questions:

"1. Does Section 3 of Article
6687a of the Revised Civil Statutes
of Texas exempt drivers of motor ve-
hicles owned by the Federal Govern-
ment when such drivers are students
of the Agricultural and Mechanical
College of Texas, working under the
direction of the leader of the Texas
Cooperative Wildlife Research Unit
(Texas A. & M. College, Texas Game,
Fish and Oyster Commission, American
Wildlife Institute, and Biological
Survey), and who are paid from funds
provided by the Game Commission or
the American Wildlife Institute (pri-
vate funds)?

"2. If it is held that Section
3 of the above Act does not exempt
such persons, would the Attorney Gen-
eral consider them constitutionally
exempt under the decision of the Su-
preme Court in the case of Johnson v.
Maryland?"

Honorable T. O. Walton, Page 2

Section 1 (g) of Article 6687a, Vernon's Annotated Civil Statutes, defines a "chauffeur" as follows:

"Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid a salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

Section 2 of Article 6687a, supra, requires that "all chauffeurs" be licensed in the following language:

"On and after April 1, 1936, no person except those expressly exempt under this Act, shall drive any motor vehicle upon a highway in this State unless such person on application has been licensed as an operator or chauffeur by the department under the provisions of this Act."

Section 3 of the Act enumerates "exemptions". Subdivision (b) of Section 3 provides as follows:

"Every person in the service of the United States and when furnished with a driver's permit and when operating an official motor vehicle in such service shall be exempt from license under this Act."

Certain students of A. & M. College, working under the direction of the leader of the Texas Cooperative Wildlife Research Unit, drive motor vehicles "owned by the Federal Government". They are paid for their services from funds provided by the Texas Game, Fish and Oyster Commission (State funds) or the American Wildlife Institute (private funds).

The question is, whether or not these students must obtain chauffeurs' licenses under Article 6687a.

They clearly fall within the statutory definition of "chauffeur" in Section 1 (g) of the Act. They operate motor vehicles for certain definite purposes, part time, we assume, since they are students. They are either



employees or servants since they are subject to the control
of the leader of the Wildlife Research Unit and receive com-
pensation in the form of salaries or wages.

Unless expressly exempt under the provisions of
the law, these students are statutory "chauffeurs" and must
comply with the law by obtaining chauffeurs' licenses.

Subsection (b) of Section 3, above quoted, is
the only "exemption" remotely applicable to the case at
hand. Yet it falls far short of meeting the situation of
these A. & M. students. In the first place, they are not
"in the service of the United States." Second, they do
not have "a driver's permit" from the United States. Fin-
ally, they are not "operating an official motor vehicle in
such service", i.e., service of the United States Govern-
ment, even though they are driving "motor vehicles owned
by the Federal Government". In some instances, these stu-
dents are paid from private funds.

We cannot stretch the exemption of Section 3 (b)
to reach them in any one of the three conditions set forth
in the wording of the subsection, and all the triple requi-
sites must be met.

At this point we call attention to Opinion No.
0-470, rendered April 13, 1939, holding that persons em-
ployed by A. & M. College, whose duties include operating
college-owned trucks should obtain chauffeurs' licenses
under Article 6687a, Vernon's Annotated Civil Statutes.

We are familiar with the holding of the Supreme
Court of the United States in the case of Johnson vs.
Maryland (1920) 41 Sup. Ct. 16.

The case is easily distinguishable from the pres-
ent situation. Plaintiff in error in the Johnson case was
an employee of the Post Office Department of the United
States driving a government motor truck across state lines.
It was held that the state of Maryland had no power to re-
quire such an employee to obtain a Maryland driver's license
by submitting to an examination concerning his competence
and paying $3.00 license fee. The reasoning behind the opin-
ion was that the instruments of the superior command of the
United States Government must be immune from state control
in the performance of their duties of national scope.

The status of a federal mail carrier employed by
the United States Post Office Department in operating a

Honorable T. O. Walton, Page 4

government motor truck in said service is in no way analogous to that of an A. & M. College student drawing wages from state or private funds for operating a government-owned car in a state cooperative project. The exemption of Section 3 (b) would reach the employee of the United States Post Office Department and was clearly designed to serve that purpose. But neither the statutory exemption nor the reasoning of the opinion would apply to the facts under consideration.

In Opinion No. O-457, dated May 22, 1939, we went further than we do in this instance in denying an exemption under Subsection (b) of Section 3, in view of the Johnson vs. Maryland doctrine. Our decision was that a W.P.A. worker, on a county road project driving a county-owned truck but drawing his pay from the United States Government is not exempt from obtaining a chauffeur's license under Section 3 (b) of Article 6687a, Vernon's Annotated Civil Statutes. The reason is that he is not "operating an official motor vehicle" within the exemption provision. The fact alone that he is drawing pay from the Federal Government does not bring a W.P.A. worker within the doctrine of Johnson vs. Maryland. Said worker is employed on a county road project, driving a county-owned truck. He is not, therefore, an instrument of the United States Government whose compulsory compliance with state license laws would constitute an infringement upon the domain of the Federal Government. The well recognized immunity of federal instrumentalities does not extend to this case, due to the fact that the status of the W.P.A. worker on a county project, driving a county-owned truck, is not that of a federal employee performing service of federal scope.

It is our opinion that the students of A. & M. College, driving motor vehicles owned by the Federal Government for the Texas Cooperative Wildlife Research Unit and drawing pay from state or private funds, are "chauffeurs" within the coverage of Article 6687a, Vernon's Annotated Civil Statutes, and must obtain chauffeurs' licenses, being neither exempt under the Act nor under general principle of constitutional law.

We have previously pointed out that if the scope of the statutory definition of "chauffeur" is too broad, it is a matter easily remedied by legislation. It is not for this department to pass upon the division of a particular legislative enactment.

Trusting that the above fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       Dick Stout

Dick Stout
Assistant

DS:FG

APPROVED JUL 13, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN